No. 24-1434

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

IN RE INVESTORS WARRANTY OF AMERICA, LLC
Petitioner.

_____

From the United States District Court for
the District of Maryland
Civil Action 8:20-cv-01502

_____

ANSWER BY ROCK SPRINGS DRIVE LLC TO PETITION FOR WRIT OF
MANDAMUS BY INVESTORS WARRANTY OF AMERICA LLC

_____

Sara E. Kropf, Esq.
KROPF MOSELEY PLLC
1100 H Street NW, Suite 1220
Washington DC 20005
(202) 627-6900

*Counsel for Rock Springs Drive LLC*

i

# TABLE OF AUTHORITIES

**Page(s)**

**Other Authorities**

Federal Rule of Evidence 605…………………………………………………...2

Federal Rule of Evidence 613…………………………………………………...2

The Court requested that Defendant Rock Springs Drive LLC ("RSD") answer the petition for mandamus ("Petition") filed by Investors Warranty of America LLC ("IWA"). For the reasons stated below, the Court should grant IWA's Petition and reassign this case to a different judge on remand.

*First*, the District Court's unwillingness to follow this Court's decision to vacate the Production Order adversely affects RSD because Plaintiff proposes using the information in IWA's privileged documents in an attempt to impeach the trial testimony of RSD's principals. Depending on the outcome of this Petition, the District Court will permit Plaintiff to do so. Exhibit C to Petition (5/1/24 Second Production Order), at 2 (reserving ruling on whether "the contents or gist of certain communications between Defendants and their counsel may be introduced at trial," including "by way of impeachment.").

In doing so, the District Court ignores basic facts: The privileged communications at issue are between IWA and IWA's counsel; they are not between RSD and RSD's counsel or between RSD and IWA's counsel. They were authored in August 2016, a year **before** RSD was created in August 2017. The District Court credits Plaintiff's arguments because it refuses to acknowledge these facts, even though they have been explained in multiple rounds of briefing.

Allowing Plaintiff's planned attempt to impeach RSD's principals with the District Court opinion's selective summary of IWA's privileged communications

1

presents multiple evidentiary problems. Using the District Court's opinion violates Rule 605, since it makes the trial court judge a witness as to the accuracy of the "gist of" the communications. Fed. R. Evid. 605 ("The presiding judge may not testify as a witness at the trial."). Using the content of IWA's privileged communications to attempt to impeach RSD's principals also runs afoul of Rule 613. These communications are neither the statements of RSD's principals nor can Plaintiff "show or disclose" the "contents" of the statement to counsel for RSD because this Court reversed the Production Order. IWA's privileged documents are still privileged and they cannot be used for impeachment or substantive evidentiary purposes.

*Second*, counsel for Plaintiff said during a recent hearing that counsel for RSD would "suborn perjury" if RSD's principals testify "falsely" at trial by contradicting what is in the District Court's selective summary of IWA's privileged communications. Exhibit D to Petition (5/1/24 Tr.) at 10:17-25. Plaintiff accused opposing counsel of potentially committing a crime—without any caution or correction by the District Court—if RSD did not accede to Plaintiff's interpretation of the situation. The District Court's refusal to follow the Fourth Circuit's ruling will derail the trial if the District Court credits such accusations as factfinder or in front of an advisory jury.

2

*Third*, RSD agrees with IWA that this case should be reassigned upon remand for the reasons stated in the Petition. By granting IWA's initial mandamus petition, this Court decided that IWA need not produce its privileged documents to Plaintiff under the crime-fraud exception. That decision should have been the end of any discussion about the admissibility of the privileged information in those documents at trial as substantive evidence or as impeachment. Yet the District Court continues to devise methods for Plaintiff to use IWA's still-privileged communications against IWA and RSD.

Plaintiff seeks a bench trial for all claims. RSD does not have confidence that the District Court can be a fair and impartial factfinder, particularly where the District Court refuses to acknowledge the basic facts that RSD did not author or receive these privileged communications and that the communications are dated a year before RSD even existed. The District Court's record reveals that it favors Plaintiff's positions even when those positions are based on incorrect facts and even where Plaintiff's position requires the District Court to ignore this Court's decisions. Given this circumstance, the District Court cannot remain as the factfinder here.

For these reasons, the Court should grant IWA's Petition, reverse the District Court's order, and reassign the case upon remand.

Dated: June 17, 2024

                                            Respectfully submitted,

                                            /s/ Sara E. Kropf
                                            Sara E. Kropf, Esq.
                                            KROPF MOSELEY PLLC
                                            1100 H Street NW, Suite 1220
                                            Washington, DC 20005
                                            (202) 627-6900
                                            sara@kmlawfirm.com

# **CERTIFICATE OF COMPLIANCE**

This answer complies with the type-volume limitations of Federal Rule of Appellate Procedure 21(d)(1) because it contains 658 words.

This answer complies with the typeface and type-style requirements of the Federal Rules of Appellate Procedure because it has been prepared in a proportionately spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

Dated: June 17, 2024

/s/ Sara E. Kropf
Sara E. Kropf, Esq.

## CERTIFICATE OF SERVICE

I certify that on the 17th day of June 2024, a copy of this Answer was sent by first-class mail to:

>The Honorable Peter J. Messitte
>United States Courthouse
>6500 Cherrywood Lane, Suite 475
>Greenbelt, MD 20770

On this day, a copy of this Answer was served electronically on all parties of record through the Court's electronic filing system.

>/s/ Sara E. Kropf
>Sara E. Kropf, Esq.