UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 24-1434 (8:20-cv-01502-PJM)

———————————

In re: INVESTORS WARRANTY OF AMERICA, LLC,

   Petitioner

———————————

**RESPONDENT ROCK SPRING PLAZA II, LLC'S RESPONSE TO INVESTORS WARRANTY OF AMERICA, LLC'S MOTION FOR EXPEDITED RULING ON PETITION FOR WRIT OF MANDAMUS**

———————————

Plaza does not oppose a speedy resolution of IWA's Second Petition for Writ of Mandamus but cannot remain silent as IWA seeks to short-circuit this Court's full and fair consideration of the issues by misstating the record below.[1]

IWA predicates its Motion for Expedited Ruling on Petition for Writ of Mandamus ("Motion to Expedite") on the fact that Plaza moved promptly to disqualify one of IWA's brand-new trial attorneys, William B. Hill, Jr., and his law firm, Seyfarth Shaw, in the district court. *See* Plaza's Mot. to Disqualify (the

---

[1] In addition to terms defined herein, Plaza uses the terms and citation conventions defined in Plaza's Answer in Response to Investors Warranty of America, LLC's Petition for Writ of Mandamus (Second Dkt. No. 14).

"Motion to Disqualify," D. Ct. Dkt. No. 454).[2] However, Plaza's Motion to Disqualify does not require that this Court expedite its ruling on the Second Mandamus Petition because the district court is able to rule on the Motion to Disqualify without waiting for this Court's ruling on the Second Mandamus Petition. No matter how this Court resolves the Second Mandamus Petition, Plaza will have the right to call Seyfarth attorney Gale Evans as a witness at trial, and IWA will have the right to assert that particular questions posed by Plaza are objectionable based on privilege. The district court is fully capable of ruling on any disputes that may arise related to Ms. Evans's potential testimony.

IWA asserts that this Court has made a final determination of the crime-fraud issue – when it plainly has not and could not given IWA's failure to provide the full record considered by the district court. While the First Mandamus Order vacated the district court's Production Order, it did not hold that the district court erred in applying the crime-fraud exception.[3] Moreover, the district court has not

---

[2] IWA retaliated by filing a motion to disqualify Plaza's lead litigation counsel, William Bosch, who has been representing Plaza in this case since the original complaint was filed on June 5, 2020. *See* D. Ct. Dkt. No. 458. By contrast, IWA did not indicate that any attorney from Seyfarth would appear on its behalf at trial until June 5, 2024, and Plaza filed its Motion to Disqualify shortly thereafter.

[3] IWA also falsely asserts that the district court ruled after this Court vacated the Production Order that Plaza could obtain the Memorandum Opinion, including the excerpts it contains of Seyfarth's memorandum to IWA. *See* Mot. to Expedite at 2. But it was this Court, not the district court, that ordered IWA to provide Plaza with a copy of the Memorandum Opinion before it ruled on the First

2

yet made any rulings on the admissibility of evidence. And IWA still has not provided to Plaza the Hearing Transcript or the *Ex Parte* Brief.[4] As Plaza explained in its Response to IWA's Motion for Leave to File Reply in Support of Petition for Writ of Mandamus (Second Dkt. No. 42 at 18-20), Plaza cannot know at this juncture whether it will seek to use at trial statements from the Memorandum Opinion and/or statements from IWA's *Ex Parte* Brief or the Hearing Transcript. Likewise, any characterization of how the district court may resolve these issues is nothing more than speculation and cannot be the basis for mandamus. IWA cannot turn this Court into a pretrial clearinghouse for evidentiary rulings.

Finally, IWA filed its Second Mandamus Petition not to preserve attorney-client privilege but rather to block Plaza's access to further evidence of IWA's fraudulent intent in assigning the Ground Lease to RSD. This Court should not permit IWA to bait it into granting expedited extraordinary relief based on an incomplete record before this case has been tried to a final judgment.

---

Mandamus Petition, an order it entered over IWA's objection. *See* First Dkt. No. 23 (ordering production of the Memorandum Opinion); *see also* First Dkt. No. 25 (denying IWA's motion for reconsideration).

[4] These documents, even if they are ultimately provided to Plaza, would remain under seal at the direction of the district court to shield counsel from any unnecessary embarrassment that may result if the documents were made public. *See* A544-A545 (May 1, 2024 Hr'g Tr. at 18:2-19:2); *see also* A572 (Case Filings Production Order at 2).

3

This Court, after full consideration of the record, should deny the Second Mandamus Petition.

Dated: July 2, 2024

Respectfully submitted,

/s/ William M. Bosch
William M. Bosch
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street NW
Washington, DC 20036
Telephone: 202-663-8000
Facsimile: 202-663-8007
william.bosch@pillsburylaw.com

Jeffrey P. Metzler
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019
Telephone: 212-858-1000
Facsimile: 212-858-1500
jeffrey.metzler@pillsburylaw.com

*Attorneys for Respondent Rock Spring Plaza II, LLC*

4

## CERTIFICATE OF COMPLIANCE

This Response to Investor Warranty of America, LLC's Motion for Expedited Ruling on Petition for Writ of Mandamus complies with the typeface and type-style requirements of the Federal Rules of Appellate Procedure because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman Font and contains 720 words.

Dated: July 2, 2024

/s/ *William M. Bosch*
William Bosch
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street NW
Washington, DC 20036
Telephone: 202-663-8000
Facsimile: 202-663-8007
william.bosch@pillsburylaw.com

*Attorney for Respondent Rock Springs Plaza II, LLC*

## CERTIFICATE OF SERVICE

I certify that on July 2, 2024, a copy of the foregoing Response to Investor Warranty of America, LLC's Motion for Expedited Ruling on Petition for Writ of Mandamus was served via ECF on all counsel of record.

I further certify that on July 3, 2024, a copy of the foregoing Response to Investor Warranty of America, LLC's Motion for Expedited Ruling on Petition for Writ of Mandamus will be served by third party commercial carrier (FedEx) and scheduled for overnight delivery on the following persons at the address below:

The Honorable Peter J. Messitte
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 475
Greenbelt, MD 20770

Dated: July 2, 2024

Respectfully submitted,

/s/ William M. Bosch
William M. Bosch
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street NW
Washington, DC 20036
Telephone: 202-663-8000
Facsimile: 202-663-8007
william.bosch@pillsburylaw.com

*Attorney for Respondent Rock Spring Plaza II, LLC*